**CORDISCO & SAILE, LLC**
STEVEN J. DEBONIS, ESQ. # 321504
3800 HORIZON BLVD. #210
TREVOSE, PA 19053
(215) 642-2335
sdebonis@cordiscosaile.com



ATTORNEY FOR PLAINTIFF:
**SHEISON SALAZAR**

| | | |
|---|---|---|
| **SHEISON SALAZAR**<br>2664 Fallow Hill Lane<br>Jamison, PA 18929 | : <br> : <br> : <br> : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| Plaintiff,<br>v. | : <br> : <br> : | **CIVIL ACTION – LAW** |
| **THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT**<br>One Tower Square<br>Hartford, CT 06183 | : <br> : <br> : <br> : | **DOCKET NO.** |
| AND | : <br> : | |
| **TRAVELERS PERSONAL INSURANCE COMPANY**<br>One Tower Square<br>Hartford, CT 06183 | : <br> : <br> : <br> : | |
| AND | : <br> : | |
| **TRAVELERS CASUALTY AND SURETY COMPANY**<br>One Tower Square<br>Hartford, CT 06183 | : <br> : <br> : <br> : | |
| AND | : <br> : | |
| **THE TRAVELERS COMPANIES, INC.**<br>385 Washington Street<br>St. Paul, MN 55102 | : <br> : <br> : <br> : | |
| AND | : <br> : | |
| **JOHN DOE(S)** 1-10 *(a fictitious individual/entity)* | : <br> : | |
| Defendants. | : | |

## <u>NOTICE</u>



Case ID: 251103024

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**(215) 451-6197**

**<u>AVISO</u>**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados De Filadelfia**
**Servicio De Referencia E Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**(215) 451-6197**

2

Case ID: 251103024

**CORDISCO & SAILE, LLC**
STEVEN J. DEBONIS, ESQ. # 321504
3800 HORIZON BLVD. #210
TREVOSE, PA 19053
(215) 642-2335                                    ATTORNEY FOR PLAINTIFF:
sdebonis@cordiscosaile.com                        **SHEISON SALAZAR**

| | | |
|---|---|---|
| **SHEISON SALAZAR** | : | **COURT OF COMMON PLEAS** |
| 2664 Fallow Hill Lane | : | **PHILADELPHIA COUNTY** |
| Jamison, PA 18929 | : | |
| | : | **CIVIL ACTION – LAW** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **THE AUTOMOBILE INSURANCE COMPANY** | : | |
| **OF HARTFORD, CONNECTICUT** | : | |
| One Tower Square | : | **DOCKET NO.** |
| Hartford, CT 06183 | : | |
| | : | |
| AND | : | |
| | : | |
| **TRAVELERS PERSONAL INSURANCE** | : | |
| **COMPANY** | : | |
| One Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| AND | : | |
| | : | |
| **TRAVELERS CASUALTY AND SURETY** | : | |
| **COMPANY** | : | |
| One Tower Square | : | |
| Hartford, CT 06183 | : | |
| | : | |
| AND | : | |
| | : | |
| **THE TRAVELERS COMPANIES, INC.** | : | |
| 385 Washington Street | : | |
| St. Paul, MN 55102 | : | |
| | : | |
| AND | : | |
| | : | |
| **JOHN DOE(S)** 1-10 *(a fictitious individual/entity)* | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT

3

Case ID: 251103024

Plaintiff, Sheison Salazar, by and through his attorneys, Cordisco & Saile, LLC, hereby files this Complaint for Declaratory Judgment action against Defendants and in support thereof avers the following:

**PARTIES**

1.      Plaintiff, Sheison Salazar, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 2664 Fallow Hill Lane, in Jamison, Bucks County, Pennsylvania 18929.

2.      Upon information and belief, Defendant, Travelers Personal Insurance Company, is a Connecticut corporation doing business in the Commonwealth of Pennsylvania with a corporate address located at One Tower Square, Hartford, CT 06183.

3.      Upon information and belief, Defendant, The Automobile Insurance Company of Hartford, Connecticut, is a Connecticut corporation doing business in the Commonwealth of Pennsylvania with a corporate address located at One Tower Square, Hartford, CT 06183.

4.      Upon information and belief, Defendant, Travelers Casualty and Surety Company, is a Connecticut corporation doing business in the Commonwealth of Pennsylvania with a corporate address located at One Tower Square, Hartford, CT 06183.

5.      Upon information and belief, Defendant, The Travelers Companies, Inc., is a Minnesota corporation doing business in the Commonwealth of Pennsylvania with a corporate address located at 385 Washington Street, St. Paul, MN 55102.

6.      For the purposes of this Complaint, Defendants are hereinafter collectively referred to as the "Corporate Defendants."

Case ID: 251103024

<u>**JURISDICTION AND VENUE**</u>

7.     At all times material hereto, Defendants regularly, continuously, and systematically conducted business in Philadelphia County, Pennsylvania so as to be subject to venue and *in personam* jurisdiction in Philadelphia County, Pennsylvania in accordance with 42 Pa.C.S.A. § 5301(a)(2)(iii), as follows:

a.     The Corporate Defendants are Connecticut and Minnesota corporations authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania.

b.     The Corporate Defendants continuously and systematically conduct business in Philadelphia County in satisfaction of 231 Pa. Code §2179 (a)(2) and Pa.R.C.P. 2179(a)(2) as they openly and conspicuously advertise that they provide auto insurance for customers in the Commonwealth of Pennsylvania.

c.     The Corporate Defendants issued the Automobile Insurance Policy to Plaintiff, Sheison Salazar, with the knowledge that Plaintiff was domiciled in Pennsylvania.

d.     The Corporate Defendants openly and conspicuously advertise their services available in the Commonwealth of Pennsylvania on their website.

e.     The Corporate Defendants openly and conspicuously advertise their available coverage, the average savings and discounts, and service in the Commonwealth of Pennsylvania on their website.

8.     Defendant(s), John Doe(s) are unknown businesses, entities, companies, partnerships, franchises, proprietorships and/or corporations existing, organized, licensed, and/or

Case ID: 251103024

qualified under the laws of the Commonwealth of Pennsylvania to issue policies of insurance in the Commonwealth of Pennsylvania.

9. Plaintiff has completed a reasonable search to determine the actual name(s) of Defendant(s), John Doe(s), but have been unsuccessful at the present time to identify the proper name of John Doe(s) with sufficient particularity for identification purposes.

## BACKGROUND

10. On or about December 28, 2022, Plaintiff, Sheison Salazar was the restrained driver of a 2019 Honda Passport bearing Pennsylvania license plate KZF8126 and was stopped at a red light at the intersection of East Upsal Street and Thouron Avenue, in the City of Philadelphia, in the County of Philadelphia, Pennsylvania.

11. At the same time and place, Luis Colon was two cars behind Plaintiff, Sheison Salazar, when Luis Colon failed to stop his 2013 Chevrolet Sonic and struck the rear of another vehicle which then struck the rear of Plaintiff, Sheison Salazar's vehicle causing a forceful collision.

12. The aforesaid collision was the direct and proximate result of the actions and/or inactions, carelessness, negligence, and other liability-producing conduct on the part of Luis Colon and was due in no part to any act or any failure to act on the part of Plaintiff.

13. As a direct and proximate result of the actions and/or inactions, carelessness, negligence, and other liability-producing conduct on the part of Luis Colon, Plaintiff, Sheison Salazar sustained serious injuries including but not limited to: traumatic brain injury with loss of consciousness, concussion with loss of consciousness, post-concussional syndrome, cervicalgia, dizziness, photophobia, blurry vision, loss of memory, difficulty concentrating, injury of lumbar, sacral and pelvic sympathetic nerves, sprain/strain of cervical and thoracic spine, sprain of

6

Case ID: 251103024

ligaments of cervical and lumbar spine, muscle spasm of the back, pain in neck, right shoulder, lower back, bilateral lower leg injury, and other head injuries, brain injuries, spinal cord injuries, cervical, thoracic, lumbar, sacral, injuries, cognitive and executive impairments/limitations, psychological injuries, orthopedic injuries, and limitations of activities of daily living which may be permanent in nature.

14. At the time of the collision, Luis Colon's vehicle was insured by State Farm Insurance with bodily injury liability protection limits in the amount of $50,000.

15. At the time of the collision, Plaintiff, Sheison Salazar was insured by Corporate Defendants' Insurance Company on a policy where the named insured, Plaintiff, Sheison Salazar, had underinsured motorist coverage with a $50,000 policy limit per individual. *See* Plaintiff's Applicable Automobile Policy Declaration Page, attached hereto as Exhibit "A."

16. Plaintiff, Sheison Salazar's Policy through the Corporate Defendants provided underinsured motorist coverage for bodily injury in the amount of $50,000 per person.

17. Plaintiff, Sheison Salazar did not sign any waivers rejecting either underinsurance coverage or stacked coverage on any of the auto insurance policies referenced above.

18. Plaintiff, Sheison Salazar is entitled to the benefits of his underinsured policy through the Corporate Defendants as Plaintiff was a named insured on that policy through the Corporate Defendants at the time of the crash and at all times material hereto.

19. At all times surrounding the aforesaid collision, the above-described Corporate Defendants' Automobile Insurance Policy was effective and in force.

20. On April 11, 2025, Plaintiff, Sheison Salazar agreed to settle with State Farm Insurance for the full limits of Defendant, Luis Colon's automobile policy, in the amount of $50,000. *See* Third Party Executed Settlement Release, attached hereto as Exhibit "B."

7

Case ID: 251103024

21. Upon receipt of the third-party settlement offer with State Farm, Plaintiff, Sheison Salazar requested that the Corporate Defendants consent to the settlement of the third-party action and advised the Corporate Defendants of Plaintiff's intent to pursue an underinsured motorist claim.

22. In response, by letter dated June 23, 2025, the Corporate Defendants consented to the settlement of the third-party action but denied underinsured motorist coverage to Plaintiff, stating that they were "denying underinsured motorist coverage in this matter." *See* Defendants' UIM Consent to Settle and Denial of Coverage Letter, attached hereto as Exhibit "C."

23. The Corporate Defendants' applicable policy issued to Plaintiff, Sheison Salazar does not contain any arbitration clause in relation to underinsurance benefits.

24. Prior to the filing of this Complaint, Plaintiff, Sheison Salazar has made an underinsured motorist claim against the Corporate Defendants and the Corporate Defendants have denied Plaintiff's claim for underinsured motorist benefits.

**COUNT I - DECLARATORY JUDGMENT**
**PLAINTIFF v. CORPORATE DEFENDANTS**

25. Plaintiff incorporates the preceding paragraphs as if the same were set forth at length herein.

26. Based on the facts set forth above, there is an actual controversy between Plaintiff and Corporate Defendants under the Pennsylvania Declaratory Judgment Act, 42 Pa.C.S. §7531, et. seq. in which there is a violation of Plaintiff's legal rights by Corporate Defendants with respect to Plaintiff's legal status to recover underinsurance benefits on his automobile insurance policy with Corporate Defendants for the December 28, 2022 automobile crash.

27. A declaration by this Honorable Court will end the uncertainty and controversy between the Parties as to whether Plaintiff's underinsurance coverage on his automobile policy

8

Case ID: 251103024

with Corporate Defendants applied to Plaintiff when he was struck and injured in the December 28, 2022 motor vehicle collision.

28.     Based on the facts set forth above, Plaintiff respectfully requests that this Honorable Court determine that the underinsurance benefits that were in effect on Plaintiff's automobile insurance policy with Corporate Defendants on December 28, 2022 covered Plaintiff when he was struck and injured in the December 28, 2022 motor vehicle collision.

**WHEREFORE,** Plaintiff, Sheison Salazar respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, and declare the rights of the Parties as set forth herein, that Plaintiff, Sheison Salazar is entitled to the underinsurance coverage of his automobile policy with Defendants with respect to the December 28, 2022 automobile crash.

**CORDISCO & SAILE, LLC**

Date: <u>November 20, 2025</u>          <u>  /s/ Steven J. DeBonis  </u>
                                        STEVEN J. DEBONIS, ESQ.
                                        ATTORNEY FOR PLAINTIFF

Case ID: 251103024

# EXHIBIT A

Case ID: 251103024



This is to certify that this is a reproduction, from the company's records, of the insurance policy between the insured and the insuring company as described on the Declarations Page. It is a full, true and complete reproduction of the insurance policy. No additional insurance is afforded by this copy.


Signature:

*Julie A. Senuth*


Date: 4.9.2025

Case ID: 251103024

Case ID: 251103024



# Automobile Policy Declarations

## 1. Named Insured
SHEISON AND STEPHANIE SALAZAR
720 PHILADELPHIA AVE
WARRINGTON, PA 18976-2205

**Your Auto Policy Number**  609176589 203 1
**Your Account Number**  609176589

## Your Agency's Name and Address
TRAVELERS
PO BOX 2906
HARTFORD, CT 06104-9900

**For Policy Service**  1.800.842.5075
**For Claim Service**  For questions on filing a claim or to file a claim go to **Travelers.com** or call 1.800.252.4633

## 2. Premium
**This is change number 1, which is effective November 6, 2022.**
* This change increases the premium by ▇▇▇ for the remainder of the policy period.
* The policy period is from November 6, 2022 to May 6, 2023.
* Vehicle has been changed.
* Lien Holder/Additional Insured has been deleted.
* These Declarations replace all prior Automobile Policy Declarations on the date on which this change is effective.

## 3. Your Vehicles
1.   2021 HONDA ACCORD LX
2.   2019 HONDA PASSPORT E

## Identification Numbers


## 4. Coverages, Limits of Liability and Premiums
Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

**\*IF COLLISION COVERAGE IS PROVIDED UNDER THIS POLICY, COVERAGE EXTENDS TO VEHICLES WHICH YOU RENT FOR 30 DAYS UNDER A RENTAL CAR COVERAGE AGREEMENT. PLEASE REMEMBER THAT COLLISION COVERAGE DOES NOT PAY FOR LOSS OF USE. PLEASE CONTACT YOUR TRAVELERS AGENT OR REPRESENTATIVE IF YOU HAVE QUESTIONS. IF YOU DO NOT CARRY COLLISION INSURANCE, THIS POLICY DOES NOT PAY FOR DAMAGE TO RENTAL VEHICLES.\***

|  | VEHICLE 1 | VEHICLE 2 |
|---|---|---|
|  | 21 HONDA ACCORD LX | 19 HONDA PASSPORT E |
| **A. Bodily Injury**<br>$50,000 each person<br>$100,000 each accident |  |  |
| **B. Property Damage**<br>$50,000 each accident |  |  |
| **D7. Uninsured Motorists Bodily Injury Non-Stacked**<br>$50,000 each person<br>$100,000 each accident |  |  |



## 4. Coverages, Limits of Liability and Premiums (continued)

Insurance is provided only where a premium entry is shown for the coverage. The premium entry "Incl" or "Pkg" means the premium charge is included in the premium for another coverage or a package.

| | VEHICLE 1<br>21 HONDA<br>ACCORD LX | VEHICLE 2<br>19 HONDA<br>PASSPORT E |
|---|---|---|
| **D9. Underinsured Motorists Bodily Injury<br>Non-Stacked**<br>$50,000 each person<br>$100,000 each accident | | |
| **E. Collision**<br>Actual Cash Value less<br>$1,000 deductible | | |
| **F. Comprehensive**<br>Actual Cash Value less<br>$1,000 deductible | | |
| **QB. First Party Benefits Coverage**<br>Full Tort Option<br>See Coverage Section Q01PA01 (08-17) | | |
| **R. Added First Party Benefits**<br>A4 - Increased Medical Expenses<br>$10,000<br>See Coverage Section Q01PA01 (08-17) | | |
| **Extended Transportation Expenses**<br>See Endorsement E1MCW01 (10-13)<br>$30 per day/$900 maximum | | |
| **Subtotal for your vehicle(s):** | | |

**Total Premium for this Policy:**

This is not a bill. You will be billed separately for this transaction.

## 5. Information Used to Rate Your Policy

There are many factors that determine the premium on your policy, some of which are displayed below. If you would like a policy review or if any of the information below is incorrect or has changed, please contact your agent.

**Discounts**



Case ID: 251103024



| Named Insured | SHEISON AND STEPHANIE SALAZAR | Policy Number | 609176589 203 1 |
| Policy Period | November 6, 2022 to May 6, 2023 | Issued On Date | November 6, 2022 |

## 5. Information Used to Rate Your Policy (continued)

**Discounts**






**Your Total Savings Reflected in Your Total Premium:**

**Drivers**
1. SHEISON
2. STEPHANIE
3. JEREMY

**Date of Birth     Gender       Marital Status   Driver Type**

**Vehicles**
1. 21 HONDA ACCORD LX
2. 19 HONDA PASSPORT E

| Use of Vehicle | Mileage | Location of Vehicle |
| --- | --- | --- |
| Commute | Not Verified | WARRINGTON, PA |
| Commute | Not Verified | WARRINGTON, PA |

**Vehicle History**
1. 21 HONDA ACCORD LX
2. 19 HONDA PASSPORT E

**Length of Vehicle Ownership***
Less than 1 Year
Less than 1 Year

*When policy originated or vehicle added.*

## 6. Other Information

**Your Insurer**

THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD,CONNECTICUT
ONE TOWER SQUARE, HARTFORD, CT 06183

**Lienholder/Loss Payees Information**



**Policy Coverage Sections and Endorsements That Form a Part of This Policy:**

| | |
| --- | --- |
| G01PA01 (11-16) | General Provisions Section |
| L01PA02 (11-16) | Liability Coverage Section |
| Q01PA01 (08-17) | First Party Benefits Coverage Section |
| D01PA02 (08-17) | Uninsured Motorists Coverage And Underinsured Motorists Coverage Section |
| P01PA02 (11-16) | Damage To Your Auto Coverage Section |
| S01CW01 (10-13) | Signature Page |
| E1MCW01 (10-13) | Extended Transportation Expenses |



## 6. Other Information (continued)

**Policy Coverage Sections and Endorsements That Form a Part of This Policy:**

E2RPA00 (08-21)    Amendment of Policy Provisions - Pennsylvania

Issued on 11/06/2022

## FOR YOUR INFORMATION

For information about how Travelers compensates independent agents and brokers, please visit www.Travelers.com or call our toll free telephone number 1-866-904-8348. You may also request a written copy from Marketing at One Tower Square, 2GSA, Hartford, Connecticut 06183.

It is important that the information we used to rate your policy is correct. It is your responsibility to make sure that the information on these Declarations is accurate and complete, including checking that you are receiving all the discounts for which you are eligible. To see a full list of discounts offered, including discounts for having multiple policies with us or being a good driver, go to www.travelers.com/discounts. Once at the website, type in your policy number 6091765892031 and product code QA2 to view the discounts available. If any of the information on the Declarations has changed, appears incorrect, or is missing, please advise your Travelers agent or representative immediately. Your Travelers agent or representative is also available to review the information on the Declarations with you.

Information regarding your vehicles' ownership and damage history has impacted how we determined your premium. One or more of your vehicles has had prior damage.

**YOU MAY PURCHASE UNINSURED AND/OR UNDERINSURED MOTORISTS COVERAGE AT ANY AVAILABLE LIMITS FROM $15,000/$30,000 UP TO YOUR BODILY INJURY LIABILITY LIMITS. YOU MAY REJECT THESE COVERAGES ENTIRELY.**

## PENNSYLVANIA PERSONAL AUTO POLICY

---

## YOUR PERSONAL AUTO POLICY QUICK REFERENCE

---

## DECLARATIONS PAGE
   **Your Name and Address**
   **Your Auto or Trailer**
   **Policy Period**
   **Coverages and Amounts of Insurance**

---

|                                                                                                    | Beginning on Page |
| --- | --- |
| **GENERAL PROVISIONS SECTION** | |
| **AGREEMENT** ............................................................................................ | GP-1 |
| **GENERAL DEFINITIONS** ............................................................................. | GP-1 |
| **DUTIES AFTER AN ACCIDENT OR LOSS** ................................................. | GP-2 |
| **GENERAL CONDITIONS** ............................................................................ | GP-3 |
|    **Bankruptcy** .................................................................................... | GP-3 |
|    **Changes** ......................................................................................... | GP-3 |
|    **Fraud** ............................................................................................. | GP-4 |
|    **Legal Action Against Us** ................................................................. | GP-4 |
|    **Our Right To Recover Payment** ....................................................... | GP-4 |
|    **Policy Period And Territory** ............................................................ | GP-4 |
|    **Transfer Of Your Interest In This Policy** ....................................... | GP-5 |
|    **Two Or More Policies Issued To You** .............................................. | GP-5 |
|    **Termination** ................................................................................... | GP-5 |
|    **Tort Liability Insurance Options** ..................................................... | GP-6 |
|    **Constitutionality Clause** ................................................................. | GP-6 |
| | |
| **LIABILITY COVERAGE SECTION** | |
| **Coverage A – Bodily Injury** | |
| **Coverage B – Property Damage** | |
|    **Insuring Agreement** ........................................................................ | L-1 |
|    **Supplementary Payments** ............................................................... | L-1 |
|    **Exclusions** ..................................................................................... | L-1 |
|    **Limit Of Liability** ........................................................................... | L-2 |
|    **Out Of State Coverage** ................................................................... | L-3 |
|    **Financial Responsibility** ................................................................. | L-3 |
|    **Other Insurance** ............................................................................. | L-3 |
| | |
| **FIRST PARTY BENEFITS COVERAGE SECTION** | |
|    **Insuring Agreement** ........................................................................ | Q-1 |
|       **Coverage QA – Basic First Party Benefits** ................................... | Q-1 |
|       **Coverage QB – Basic First Party Benefits** ................................... | Q-1 |
|       **Coverage R – Added First Party Benefits** ................................... | Q-1 |
|          1.  **Option A – Increased Medical Expenses** ....................... | Q-1 |
|          2.  **Option B – Income Loss** ................................................ | Q-1 |
|          3.  **Option C – Funeral Expense** .......................................... | Q-1 |
|          4.  **Option D – Accidental Death** ......................................... | Q-1 |
|          5.  **Options H, J, K and L – Combination First Party Benefits** ............. | Q-2 |
|    **Definitions** ..................................................................................... | Q-2 |
|    **Exclusions** ..................................................................................... | Q-3 |

© 2017 The Travelers Indemnity Company. All rights reserved.

Case ID: 251103024

TRAVELERS DOC MGMT  Page 7 of 40

Limit Of Liability ................................................................................ Q-3
Priorities Of Policies ......................................................................... Q-4
Non–Duplication Of Benefits ............................................................. Q-4
Payment Of Accidental Death Benefits ............................................. Q-4

# UNINSURED MOTORISTS COVERAGE AND UNDERINSURED MOTORISTS COVERAGE SECTION
## UNINSURED MOTORISTS COVERAGE
### Coverage D6 – Uninsured Motorists Bodily Injury Stacked
### Coverage D7 – Uninsured Motorists Bodily Injury Non–Stacked
## UNDERINSURED MOTORISTS COVERAGE
### Coverage D8 – Underinsured Motorists Bodily Injury Stacked
### Coverage D9 – Underinsured Motorists Bodily Injury Non–Stacked

Insuring Agreement ........................................................................ UIM-1
Exclusions ....................................................................................... UIM-2
Limit Of Liability ............................................................................. UIM-2
    Coverage D6 – Uninsured Motorists Bodily Injury Stacked ............... UIM-2
    Coverage D7 – Uninsured Motorists Bodily Injury Non–Stacked ........ UIM-3
    Coverage D8 – Underinsured Motorists Bodily Injury Stacked .......... UIM-3
    Coverage D9 – Underinsured Motorists Bodily Injury Non–Stacked ... UIM-4
Other Insurance .............................................................................. UIM-4
Arbitration ....................................................................................... UIM-5

# DAMAGE TO YOUR AUTO COVERAGE SECTION
## Coverage E – Collision
## Coverage F – Comprehensive
## Coverage G – Custom Equipment – Increased Limit

INSURING AGREEMENT ................................................................ PD-1
ADDITIONAL COVERAGES
    A. Airbag Replacement ................................................................ PD-2
    B. Child Safety Seat .................................................................... PD-2
    C. Custom Equipment .................................................................. PD-2
    D. Transportation Expenses ......................................................... PD-2
OPTIONAL COVERAGE
    Coverage G – Custom Equipment – Increased Limit ................................ PD-2
EXCLUSIONS ................................................................................ PD-3
LIMIT OF LIABILITY ..................................................................... PD-4
PAYMENT OF LOSS ..................................................................... PD-4
NO BENEFIT TO BAILEE .............................................................. PD-4
OTHER SOURCES OF RECOVERY ................................................ PD-4
APPRAISAL ................................................................................... PD-5
LOSS PAYABLE CLAUSE .............................................................. PD-5

SIGNATURE PAGE ....................................................................... S-1

© 2017 The Travelers Indemnity Company. All rights reserved.


Case ID: 251103024

# PENNSYLVANIA PERSONAL AUTO POLICY

**Travelers Companies**
Hartford, Connecticut
(Each a Stock Insurance Company)

## GENERAL PROVISIONS SECTION

**Unless otherwise stated, the provisions in this General Provisions Section apply to all Coverage Sections and endorsements of this policy.**

## AGREEMENT

In return for payment of the premium and subject to all the terms of this policy, we will provide the coverages you have selected. These are shown by premium entries in the Declarations. The Declarations is a part of this policy.

## GENERAL DEFINITIONS

Throughout this policy:

A. "You" and "your" refer to:
1. The "named insured" shown in the Declarations; and
2. The spouse if a resident of the same household.
The term spouse includes, if a resident of the same household:
   a. The civil partner of the "named insured", provided such civil union was obtained in a state where a civil union is legally recognized; or
   b. The "domestic partner" of the "named insured".

   If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
   a. The end of 90 days following the spouse's change of residency;
   b. The effective date of another policy listing the spouse as a named insured; or
   c. The end of the policy period.
B. "We", "us" and "our" refer to the member company of Travelers providing this insurance and shown as the insurer in Item 6 of the Declarations.
C. We consider a private passenger auto, sport utility vehicle, pickup or van to be owned by a person if leased:
1. Under a written agreement to that person; and
2. For a continuous period of at least 6 months.

D. "Minimum limits" refers to the following limits of liability as required by Pennsylvania law, to be provided under a policy of automobile liability insurance:
1. $15,000 for each person, subject to $30,000 for each accident with respect to "bodily injury"; and
2. $5,000 for each accident with respect to "property damage".

Other words and phrases are defined. They are in quotation marks when used.

E. "Bodily injury" means bodily harm, sickness or disease, including death that results.
F. "Business" includes trade, profession or occupation.
G. "Domestic partner" means a person who is in a continuing spouse-like relationship with a named insured for the purpose of a domestic life. Both persons must be 18 years of age or older and may not be related to each other by blood. Neither may be married to another person, or be a "domestic partner" or partner by civil union of any other person.
H. "Economic loss" means medical and other out of pocket expenses.
I. "Newly acquired auto":
1. "Newly acquired auto" means any of the following types of vehicles of which you become the owner during the policy period:
   a. A private passenger auto or sport utility vehicle; or
   b. A pickup or van, for which no other insurance policy provides coverage, that:
      (1) Has a Gross Vehicle Weight Rating of 9,000 lbs. or less; and

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

(2) Is not used for the delivery or transportation of goods and materials unless such use is:

    (a) Incidental to your "business" of installing, maintaining or repairing furnishings and equipment; or

    (b) For farming or ranching.

2. Coverage for a "newly acquired auto" is provided as described in 3.a. and 3.b. below.

3. Coverage for a "newly acquired auto" depends on whether the vehicle is in addition to or replaces a vehicle shown in the Declarations.

  a. A "newly acquired auto" which is in addition to any vehicle shown in the Declarations will have the broadest coverage we provide for any vehicle shown in the Declarations. Coverage begins on the date you become the owner. However, for coverage to apply you must ask us to insure it within 30 days after you become the owner.

  b. If a "newly acquired auto" replaces a vehicle shown in the Declarations, it will have the same coverage as the vehicle it replaced without your having to ask us to insure it. However, you must ask us to insure a replacement vehicle within 30 days if:

    (1) You wish to add or continue any coverage provided in the Damage To Your Auto Coverage Section; or

    (2) It is a pickup or van used in any "business" other than farming or ranching.

J. "Non-economic loss" means pain and suffering and other nonmonetary damages.

K. "Occupying" means:
1. In;
2. Upon; or
3. Getting in, on, out or off.

L. "Property damage" means physical injury to, destruction of or loss of use of tangible property.

M. "Resident relative" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child. Your unmarried dependent children, wards, and foster children while temporarily away from home will be considered residents if they intend to resume residing in your household.

N. "Serious injury" means a personal injury resulting in death, serious impairment of body function or permanent serious disfigurement.

O. "Trailer" means a vehicle designed to be pulled by a:
1. Private passenger auto or sport utility vehicle; or
2. Pickup or van.

It also means a farm wagon or farm implement while towed by a vehicle listed in 1. or 2. above.

P. "Your covered auto" means:
1. Any vehicle shown in the Declarations.
2. A "newly acquired auto".
3. Any "trailer" you own.
4. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
  a. Breakdown;
  b. Repair;
  c. Servicing;
  d. Loss;
  e. Destruction; or
  f. Being inspected or transported by a motor vehicle dealer as defined by the Pennsylvania Board of Vehicles Act.

This provision (P.4.) does not apply to the Damage To Your Auto Coverage Section.

## DUTIES AFTER AN ACCIDENT OR LOSS

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

A. We must be notified promptly of how, when and where the accident or loss happened. Notice should also include the names and addresses of any injured persons and of any witnesses.

B. A person seeking any coverage must:
1. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. Promptly send us copies of any notices or legal papers received in connection with the accident or loss.

3. Submit, as often as we reasonably require:
  a. To physical exams by physicians we select. We will pay for these exams.
  b. To examination under oath and subscribe the same. We may require such exam under oath:
    (1) From other persons insured under this policy (including a "resident relative").

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

(2) Be done separately and outside the presence of any witnesses or persons insured or seeking benefits under this policy.

4. Authorize us to obtain:
   a. Medical reports; and
   b. Other pertinent records.
5. Submit a proof of loss when required by us.

**Additional Duties For Uninsured Motorists Coverage**

If Coverage D6 – Uninsured Motorists Coverage Bodily Injury Stacked or Coverage D7 – Uninsured Motorists Coverage Bodily Injury Non-Stacked is shown in the Declarations, a person seeking coverage must also promptly:

A. Notify the police if a hit-and-run driver is involved.
B. Send us copies of the legal papers if a suit is brought.

**Additional Duty For Underinsured Motorists Coverage**

If Coverage D8 – Underinsured Motorists Coverage Bodily Injury Stacked or Coverage D9 – Underinsured Motorists Coverage Bodily Injury Non-Stacked is shown in the Declarations, a person seeking coverage under the Underinsured Motorists Coverage Section must also promptly send us copies of the legal papers if a suit is brought.

**Additional Duties For Collision And Comprehensive Coverages**

If Coverage E – Collision or Coverage F – Comprehensive is shown in the Declarations, a person seeking coverage must also:

A. Take reasonable steps after loss to protect "your covered auto" or any "non-owned auto" and their equipment from further loss. We will pay reasonable expenses incurred to do this.
B. Promptly notify the police if "your covered auto" or any "non-owned auto" is stolen.

C. Permit us to inspect and appraise the damaged property before its repair or disposal.

**Additional Duties For First Party Benefits Coverage**

If any First Party Benefits Coverage is shown in the Declarations and benefits are sought:

A. As soon as practical the "insured", or someone on his or her behalf, shall provide to us or any of our authorized agents written notice adequately identifying the "insured" and reasonably accessible facts concerning the time, place and circumstances of the accident.
B. As soon as practicable the "insured", or someone on his or her behalf, shall: give us proof of claim, under oath if required, fully describing the nature and extent of "bodily injury", treatment and rehabilitation received and contemplated and other information to assist us in determining the amount due and payable. Proof of claim shall be made upon forms furnished by us unless we fail to supply such forms within 15 days after receiving notice of claim.
C. The "insured" shall submit to mental and physical examinations by physicians selected by us when and as often as we may reasonably require. We will pay the costs of such examinations.
D. The "insured" (or, in the event of such person's incapacity or death, his or her legal representative) shall, if we request, sign papers to enable us to obtain medical reports and copies of records. A copy of such medical report will be forwarded to such "insured" upon his or her written request.
E. If "income loss" benefits are claimed, the "insured" presenting such claim shall authorize us to obtain details of all earnings paid to him or her by an employer or earned by him or her since the time of the injury or during the year immediately preceding the date of the accident.

## GENERAL CONDITIONS

**Bankruptcy**

Bankruptcy or insolvency of the "insured" will not relieve us of any obligations under this policy.

**Changes**

A. This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorsement issued by us.

B. If there is a change to the information used to develop the policy premium, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:
1. The number, type or use of insured vehicles;
2. Operators using insured vehicles;
3. The place of principal garaging of insured vehicles; or
4. Coverage, deductible or limits.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

If a change resulting from A. or B. above requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

C. If we make a change which broadens coverage under this edition of your policy without additional premium charge, that change will automatically apply to your policy as of the date we implement the change in your state. This paragraph (C.) does not apply to changes implemented with a general policy revision that includes both broadenings and restrictions in coverage, whether that general policy revision is implemented through introduction of:
1. A subsequent edition of your policy or any of its Coverage Sections; or
2. An amendatory endorsement.

## Fraud

We do not provide coverage for any person under this policy who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy.

## Legal Action Against Us

A. No legal action may be brought against us until there has been full compliance with all the terms of this policy. In addition, under the Liability Coverage Section, no legal action may be brought against us until:
1. We agree in writing that the "insured" has an obligation to pay; or
2. The amount of that obligation has been finally determined by judgment after trial.
B. No person or organization has any right under this policy to bring us into any action to determine the liability of an "insured".

## Our Right To Recover Payment

A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we are subrogated to that right. That person must do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them.
However, our rights in this Paragraph (A.) do not apply under the Damage To Your Auto Coverage Section, against any person using "your covered auto" with a reasonable belief that such person is entitled to do so.

B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person must:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment less reasonable attorney fees and a proportionate share of the cost of recovery.
C. Our rights do not apply under Paragraph A. with respect to Underinsured Motorists Coverage if we:
1. Have been given prompt written notice of a tentative settlement between an "insured" and the insurer of an "underinsured motor vehicle"; and
2. Fail to advance payment to the "insured" in an amount equal to the tentative settlement within a reasonable period of time after receipt of notification.
If we advance payment to the "insured" in an amount equal to the tentative settlement within a reasonable period of time after receipt of notification:
1. That payment will be separate from any amount the "insured" is entitled to recover under the provisions of Underinsured Motorists Coverage; and
2. We also have a right to recover the advanced payment.

## Policy Period And Territory

A. This policy applies only to accidents and losses which occur:
1. During the policy period shown in the Declarations; and
2. Within the policy territory.
B. The policy territory is:
1. The United States of America, its territories or possessions;
2. Puerto Rico; or
3. Canada.
This policy also applies to loss to, or accidents involving, "your covered auto" while being transported between their ports.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Page ID: 251103024

## Transfer Of Your Interest In This Policy

A.  Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
    1.  The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
    2.  The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".
B.  Coverage will only be provided until the next anniversary of the policy's original effective date.

## Two Or More Policies Issued To You

If this policy and any other auto insurance policy issued to you by us or any of our personal insurance affiliates apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy.

This provision does not apply to Coverage D6 – Uninsured Motorists Bodily Injury Stacked; or Coverage D8 – Underinsured Motorists Bodily Injury Stacked.

No one will be entitled to receive duplicate payments for the same elements of loss under Coverage D6 – Uninsured Motorists Bodily Injury Stacked; or Coverage D8 – Underinsured Motorists Bodily Injury Stacked

## Termination

A.  Cancellation
    This policy may be cancelled during the policy period as follows:
    1.  The named insured shown in the Declarations may cancel by:
        a.  Returning this policy to us; or
        b.  Giving us advance written notice of the date cancellation is to take effect.
        We may accept another form of notice from the named insured. If there is more than one person shown as named insured in the Declarations, any named insured may cancel this policy. The cancellation by one named insured will be binding on any other named insured.

2.  We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:
    a.  At least 15 days notice of cancellation:
        (1) If notice is effective within the first 60 days this policy in effect and this is not a renewal or continuation policy;
        (2) For nonpayment of premium;
        (3) If the driver's license of the named insured shown in the Declarations has been suspended or revoked after the effective date if this policy has been in effect less than one year; or if the policy has been in effect longer than one year, since the last anniversary of the original effective date; or
    b.  At least 60 days notice if the policy was obtained through material misrepresentation.
3.  Nonpayment of premium means the failure to pay any premium or premium installment or any other financial obligation when due.
4.  Our right to cancel this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.
B.  Nonrenewal
If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. Notice will be mailed at least 60 days before the end of the policy period. Subject to this notice requirement, if the policy period is other than one year, we will have the right not to renew or continue it only at each anniversary of its original effective date. If that date is the 29th, 30th, or 31st of a month, we may consider the first day of the next month to be this anniversary.
However, our right to nonrenew this policy is subject to the limitations contained in the applicable Pennsylvania Statutes.
C.  Automatic Termination
    1.  The policy will automatically terminate on the expiration date of any annual policy period without notice if you fail to pay the renewal premium when due. Failure to pay the required renewal premium when due means that you have not accepted our offer.
    2.  This policy, if not already terminated under the terms of this condition, will automatically terminate without notice on the effective date of any other automobile insurance policy, but only for any vehicle described in both policies.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

D. Other Termination Provisions
1. If the law in effect in your state at the time this policy is issued or continued:
   a. Requires a longer notice period;
   b. Requires a special form of or procedure for giving notice; or
   c. Modifies any of the stated termination reasons;
   we will comply with those requirements.
2. We may deliver any notice instead of mailing it. Proof of mailing of any notice will be sufficient proof of notice.
3. If this policy is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.
4. The effective date of cancellation stated in the notice will become the end of the policy period.

**Tort Liability Insurance Options**

A. Limited Tort Option
   If the Declarations shows that Coverage QA is provided, the Limited Tort Option applies. Each "insured" who is bound by this option may seek compensation only for "economic loss" suffered because of "bodily injury" caused by accident as the consequence of the fault of another person. However, each "insured" may recover damages as if the "insured" damaged had elected the Full Tort Option:
   1. If the "bodily injury" suffered is a "serious injury"; or
   2. With respect to claims against a person in the business of designing, manufacturing, repairing, servicing or otherwise maintaining motor vehicles arising out of a defect in such motor vehicle which is caused by or not corrected by an act or omission, in the course of such business, other than a defect in a motor vehicle which is operated by such business; or
   3. If injured while "occupying" a motor vehicle other than a private passenger motor vehicle as defined in the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984, as amended; or
   4. If the person at fault:
      a. is convicted, or accepts Accelerated Rehabilitative Disposition for driving under the influence of alcohol or a controlled substance in that accident; or

   b. is operating a motor vehicle registered in another state; or
   c. intends to cause intentional injury; or
   d. has not maintained financial responsibility as required by Pennsylvania law;
   provided that nothing in Paragraphs a. through d. shall affect the limitation placed on a person against recovering noneconomic damages under Uninsured Motorists or Underinsured Motorists Coverage.

B. Full Tort Option
   If the Declarations shows that Coverage QB is provided, the Full Tort Option applies. Each "insured" bound by this option may seek compensation for "noneconomic loss" claimed and "economic loss" suffered because of "bodily injury" caused by accident as the consequence of the fault of another person.

C. Who Is An "Insured"
   As used in Tort Liability Insurance Options, an "insured" means you, any "resident relative" or a minor in the custody of either you or any "resident relative".

D. Other Insurance
   1. If you are an "insured" under more than one liability insurance policy, and the policies have conflicting tort options, the policy providing the Full Tort Option applies.
   2. If an "insured", other than you, is covered by more than one liability insurance policy, and the policies have conflicting tort options:
      a. The "insured" is bound by the tort option of the policy associated with the motor vehicle the "insured" is "occupying" at the time of the accident.
      b. The Full Tort Option applies if the "insured" is not "occupying" a motor vehicle at the time of the accident.

**Constitutionality Clause**

The premium for, and the coverages of, this policy have been established in reliance upon the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law. In the event a court, from which there is no appeal, declares or enters a judgment the effect of which is to render the provisions of such statute invalid or unenforceable in whole or in part, we will have the right to recompute the premium payable for the policy and void or amend the policy provisions, subject to the approval of the Insurance Commissioner.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## LIABILITY COVERAGE SECTION
## Coverage A – Bodily Injury
## Coverage B – Property Damage

### Insuring Agreement

A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident.

We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for these coverages has been exhausted by payment of judgments or settlements.

We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.

B. "Insured" as used in this Coverage Section means:
1. You or any "resident relative" for the ownership, maintenance or use of any auto or "trailer".
2. Any person using "your covered auto".
3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Coverage Section.
4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "resident relative" for whom coverage is afforded under this Coverage Section. This provision (4.) applies only if the person or organization does not own or hire the auto or "trailer".

"Insured" does not include:
1. The United States of America or any of its agencies.
2. Any person with respect to "bodily injury" or "property damage" resulting from the operation of an auto by that person as an employee of the United States Government. This applies only if the provisions of Section 2679 of Title 28, United States Code as amended, require the Attorney General of the United States to defend that person in any civil action which may be brought for the "bodily injury" or "property damage".

### Supplementary Payments

In addition to our limit of liability, we will pay on behalf of an "insured":
1. Up to $250 for the cost of bail bonds required because of an accident, including related traffic law violations. The accident must result in "bodily injury" or "property damage" covered under this policy.
2. Premiums on appeal bonds and bonds to release attachments in any suit we defend.
3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for these coverages.
4. Up to $250 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request.
5. Other reasonable expenses incurred at our request.
6. Prejudgment interest awarded against the "insured" on the part of the judgment we pay. Any prejudgment interest awarded against the "insured" is subject to the applicable Pennsylvania Rules of Civil Procedure.

### Exclusions

A. We do not provide Liability Coverage for any "insured":
1. Who intentionally causes "bodily injury" or "property damage".
2. For "property damage" to property owned or being transported by that "insured".
3. For "property damage" to property:
   a. Rented to;
   b. Used by; or
   c. In the care of;
   that "insured".
   This Exclusion (A.3.) does not apply to "property damage" to a residence or private garage.
4. For "bodily injury" to an employee of that "insured" during the course of employment. This Exclusion (A.4.) does not apply to "bodily injury" to a domestic employee unless workers' compensation benefits are required or available for that domestic employee.
5. For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used, or during the period of time it is

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

available for hire, as a public or livery conveyance. This Exclusion (A.5.) applies whether or not there is:

a. A passenger "occupying" the vehicle; or
b. Property being transported for a fee in or upon the vehicle.

This Exclusion (A.5.) does not apply to a vehicle used for a:

a. Share-the-expense car pool;
b. Charitable purpose; or
c. Volunteer purpose.

6. While employed or otherwise engaged in the "business" of:

a. Selling;
b. Repairing;
c. Servicing;
d. Storing; or
e. Parking;

vehicles designed for use mainly on public highways. This includes road testing and delivery. This Exclusion (A.6.) does not apply to the ownership, maintenance or use of "your covered auto" by:

a. You;
b. Any "resident relative"; or
c. Any partner, agent or employee of you or any "resident relative".

7. Maintaining or using any vehicle while that "insured" is employed or otherwise engaged in any "business" (other than farming or ranching) not described in Exclusion A.6.

This Exclusion (A.7.) does not apply to the maintenance or use of a:

a. Private passenger auto or sport utility vehicle;
b. Pickup or van with a Gross Vehicle Weight Rating of 9,000 lbs. or less; or
c. "Trailer" used with a vehicle described in a. or b. above.

8. Using a vehicle without a reasonable belief that such "insured" is entitled to do so. This Exclusion (A.8.) does not apply to a "resident relative" using "your covered auto" which is owned by you.

9. For "bodily injury" or "property damage" for which that "insured":

a. Is an insured under a nuclear energy liability policy; or
b. Would be an insured under a nuclear energy liability policy but for its termination upon exhaustion of its limit of liability.

A nuclear energy liability policy is a policy issued by any of the following or their successors:

a. Nuclear Energy Liability Insurance Association;
b. Mutual Atomic Energy Liability Underwriters; or

c. Nuclear Insurance Association of Canada.

B. We do not provide Liability Coverage for the ownership, maintenance or use of:

1. Any vehicle which:

a. Has fewer than four wheels; or
b. Is designed mainly for use off public roads.

This Exclusion (B.1.) does not apply:

a. While such vehicle is being used by an "insured" in a medical emergency;
b. To any "trailer"; or
c. To any non-owned golf cart.

2. Any vehicle, other than "your covered auto", which is:

a. Owned by you; or
b. Furnished or available for your regular use.

3. Any vehicle, other than "your covered auto", which is:

a. Owned by any "resident relative"; or
b. Furnished or available for the regular use of any "resident relative".

However, this Exclusion (B.3.) does not apply to you while you are maintaining or "occupying" any vehicle which is:

a. Owned by a "resident relative"; or
b. Furnished or available for the regular use of a "resident relative".

4. Any vehicle while participating or competing in, or practicing or preparing for, any prearranged or organized:

a. Racing contest, meet or rally, whether against another vehicle or against time;
b. Demolition contest;
c. Stunting activity; or
d. High performance driving or racing instruction course or school.

This Exclusion (B.4.) applies only while the vehicle is at a location, whether temporary or permanent, established for any of the activities listed above.

5. "Your covered auto" during a period it is rented or leased to others. However, this Exclusion (B.5.) does not apply to the operation of "your covered auto" by you or a "resident relative".

## Limit Of Liability

A. Split Limits

If the Declarations shows separate limits of liability for Coverage A and Coverage B:

The limit of liability shown in the Declarations for each person for Coverage A is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one auto accident.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Coverage A is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

The limit of liability shown in the Declarations for each accident for Coverage B is our maximum limit of liability for all "property damage" resulting from any one auto accident.

These limits are the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.

B. Single Limit

1. If the Declarations shows a single limit of liability for Coverage A and Coverage B combined:

   The limit of liability shown is our maximum limit of liability for all damages arising out of "bodily injury" and "property damage" resulting from any one auto accident.

   This is the most we will pay regardless of the number of:

   a. "Insureds";
   b. Claims made;
   c. Vehicles or premiums shown in the Declarations; or
   d. Vehicles involved in the auto accident.

2. We will apply the limit of liability to provide any separate minimum limits required by law for bodily injury and property damage liability. However, this provision will not change our total limit of liability.

C. No one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Section and:

1. Any other Coverage Section or part of this policy; or
2. Any other personal auto policy issued to you by us or any of our affiliates.

**Out Of State Coverage**

If an auto accident to which this policy applies occurs in any state or province other than the one in which "your covered auto" is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for "bodily injury" or "property damage" higher than the limit shown in the Declarations, this policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, this policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.

**Financial Responsibility**

When this policy is certified as future proof of financial responsibility, this policy will comply with the law to the extent required.

**Other Insurance**

If there is other applicable liability insurance available, any insurance we provide shall be excess over any other applicable liability insurance. If more than one policy applies on an excess basis, we will bear our proportionate share with other collectible liability insurance. However, any insurance we provide for a vehicle you do not own while used as a temporary substitute for "your covered auto" that is provided by a motor vehicle dealer, as defined in the Pennsylvania Board of Vehicles Act, shall be primary.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

Case ID: 251103024

# FIRST PARTY BENEFITS COVERAGE SECTION

**Insuring Agreement**

### A. Coverage QA* – Basic First Party Benefit
### Coverage QB** – Basic First Party Benefit

\* Indicates that the limited tort option described in "the act" was selected.
\*\* Indicates that the full tort option described in "the act" was selected.

We will pay Basic First Party Benefits consisting of Basic "Medical Expenses" to or for an "insured" who sustains "bodily injury" caused by accident arising out of the maintenance or use of a "motor vehicle". Our Limit of Liability for Basic "Medical Expenses" is $5,000.

### B. Coverage R – Added First Party Benefits

If Coverage R appears in the Declarations, we will pay in addition to the Basic First Party Benefit, Added First Party Benefits to or for an "insured" who sustains "bodily injury" caused by an accident arising out of the maintenance or use of a "motor vehicle". Added First Party Benefits consist of the following if shown as applicable in the Declarations:
    a. Increased "medical expenses";
    b. "Income loss";
    c. "Funeral expense"; and
    d. "Accidental death".

#### 1. Option A – Increased Medical Expenses.

This option applies if option "A4", "A5", "A6", or "A7" appears in the Declarations following Coverage R.
The Limit of Liability for the Basic Medical Expenses is increased to the amount shown in the following schedule for the "A" option shown in the Declarations.

**A Option Schedule**

| Option | Amount |
| --- | --- |
| A4 | $10,000 |
| A5 | $25,000 |
| A6 | $50,000 |
| A7 | $100,000 |

#### 2. Option B – Income Loss.

This option applies if option "B4", "B5", "B6", "B7", or "B8" appears in the Declarations following Coverage R.
The Limit of Liability for "income loss" is the "Maximum Amount" shown in the following schedule for the "B" option shown in the Declarations. The Limit of Liability for any one month is the "Monthly Amount" shown for that option in the following schedule.

**B Option Schedule**

| Option | Maximum Amount | Monthly Amount |
| --- | --- | --- |
| B4 | $15,000 | $1,500 |
| B5 | $5,000 | $1,000 |
| B6 | $15,000 | $1,000 |
| B7 | $25,000 | $1,500 |
| B8 | $50,000 | $2,500 |

#### 3. Option C – Funeral Expense.

This option applies if option "C6" or "C7" appears in the Declarations following Coverage R.
The Limit of Liability for "funeral expense" is the amount shown in the following schedule for the "C" option shown in the Declarations.

**C Option Schedule**

| Option | Amount |
| --- | --- |
| C6 | $1,500 |
| C7 | $2,500 |

#### 4. Option D – Accidental Death.

This option applies if option "D6", "D7" or "D8" appears in the Declarations following Coverage R.
The Limit of Liability for "accidental death" is the amount shown in the following schedule for the "D" option shown in the Declarations.

**D Option Schedule**

| Option | Amount |
| --- | --- |
| D6 | $5,000 |
| D7 | $10,000 |
| D8 | $25,000 |

Case ID: 251103024

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

### 5. Options H, J, K and L – Combination First Party Benefits.

One of these options apply if option "H", "J", "K", or "L" appears in the Declarations following Coverage R.

The Limit of Liability for Basic "Medical Expenses", Increased "Medical Expenses", "Income Loss", "Funeral Expense" and "Accidental Death" combined is the amount shown as "total limit" in the following schedule for the option shown in the Declarations. The "total limit" is the most we will pay as a result of "bodily injury" to any one "insured" as the result of any one accident. However, the most we will pay for:

a. "Funeral Expense" is $2,500.

b. "Accidental Death" is the amount shown as "Accidental Death" Benefit in the following schedule for that option.

#### H, J, K and L Option Schedule

| Option | Total Limit | Accidental Death Benefit |
|--------|-------------|--------------------------|
| H | $50,000 | $10,000 |
| J | $100,000 | $10,000 |
| K | $177,500 | $25,000 |
| L | $277,500 | $25,000 |

We will only pay for expenses or loss incurred within three years from the date of the accident.

### Definitions

A. With respect to all First Party Benefits Coverage:

"The act" means the Pennsylvania Motor Vehicle Financial Responsibility Law of 1984, as amended.

In addition, the following words and phrases are defined for all First Party Benefits Coverage.

B. "Accidental death" means the death of you or any "resident relative" from "bodily injury" caused by accident, if the death occurs within 24 months from the date of the accident.

C. "Bodily injury" means accidental bodily harm to an "insured" and that "insured's" resulting illness, disease or death.

D. "Funeral expense" means reasonable expenses incurred for, and directly related to, the funeral, burial, cremation or other form of disposition of the remains of the deceased "insured". The expenses must be incurred as a result of the death of the "insured" and within 24 months from the date of the accident.

E. "Income loss" means eighty (80%) percent of gross income actually lost by an "insured". "Income loss" also means reasonable expenses actually incurred for hiring:

1. A substitute to perform the work a self-employed "insured" would have performed except for "bodily injury", or

2. Special help, thereby enabling an "insured" to work, thereby reducing loss of gross income.

"Income loss" does not include:

1. Loss of expected income for any period following the death of an "insured"; or

2. Expenses incurred for services performed following the death of an "insured"; or

3. Any loss of income during the first five (5) working days the "insured" did not work after the accident because of the "bodily injury".

F. "Insured" means:

1. You or any "resident relative";

2. Any other person:

a. While "occupying" "your covered auto"; or

b. While a pedestrian if injured as a result of an accident in Pennsylvania involving "your covered auto".

If "your covered auto" is parked and unoccupied it is not a "motor vehicle" involved in an accident unless it was parked in a manner as to create an unreasonable risk of injury.

G. "Medical expenses" means reasonable and necessary charges incurred for:

1. Medical treatment, including but not limited to:

a. Medical, hospital, surgical, nursing and dental services;

b. Medications, medical supplies and prosthetic devices; and

c. Ambulance;

2. Medical and rehabilitative services, including but not limited to:

a. Medical care;

b. Licensed physical therapy, vocational rehabilitation and occupational therapy;

c. Osteopathic, chiropractic, psychiatric and psychological services; and

d. Optometric services, speech pathology and audiology;

3. Non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

All medical treatment and medical and rehabilitative services must be provided by or prescribed by a person or facility approved by the Department of Health, the equivalent governmental agency responsible for health programs or the accrediting designee of a department or agency of the state in which those services are provided.

Page ID: 251103024
© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Payment of "medical expenses" incurred after 18 months from the date of the accident causing "bodily injury" shall be made only if within 18 months from the date of the accident, it is ascertainable with reasonable medical probability that further expenses may be incurred as a result of the injury.

H. "Motor vehicle" means a self-propelled vehicle, operated or designed for use upon public roads. However, "motor vehicle" does not include a vehicle operated:
   1. By muscular power; or
   2. On rails or tracks.

I. "Named insured" means the person or organization named in Item 1 in the Declarations.

J. "Your covered auto" means a "motor vehicle":
   1. To which liability coverage under this policy applies and for which a specific premium is charged; and
   2. For which you maintain First Party Benefits Coverage as required under "the act".

## Exclusions

We do not provide benefits for "bodily injury":
   1. Sustained by any "insured" while intentionally causing or attempting to cause "bodily injury" to:
      a. Himself;
      b. Herself; or
      c. Any other person.
   2. Sustained by any "insured" while committing a felony.
   3. Sustained by any "insured" while seeking to elude lawful apprehension or arrest by a law enforcement official.
   4. Sustained by any "insured" while maintaining or using a "motor vehicle" knowingly converted by that "insured". However, this exclusion (4.) does not apply to:
      a. You; or
      b. Any "resident relative".
   5. Sustained by any "insured" who, at the time of the accident:
      a. Is the owner of one or more registered "motor vehicles" and none of those "motor vehicles" have in effect the financial responsibility required by "the act", or
      b. Is "occupying" a "motor vehicle" owned by that "insured" for which the financial responsibility required by "the act" is not in effect.
   6. Sustained by any "insured" maintaining or using a "motor vehicle" while located for use as a residence or premises.
   7. Sustained by any "insured" injured as a result of conduct within the course of the business of repairing, servicing or otherwise maintaining "motor vehicles". This exclusion (7.) does not apply if the conduct is off the business premises.
   8. Sustained by a pedestrian if the accident occurs outside of Pennsylvania. This exclusion (8.) does not apply to:
      a. You; or
      b. Any "resident relative".
   9. Sustained by any "insured" while "occupying":
      a. A recreational vehicle designed for use off public roads; or
      b. A motorcycle, moped or similar-type vehicle.
   10. Sustained by any "insured" while "occupying" or when struck by "your covered auto" registered with a transportation network company that uses a digital network or software application service to connect its customers to transportation services provided by transportation network company drivers, and the driver is logged into the network or application as a driver, regardless of whether the driver has accepted a passenger or delivery assignment.
   11. Caused by or as a consequence of:
      a. Discharge of a nuclear weapon (even if accidental);
      b. War (declared or undeclared);
      c. Civil war;
      d. Insurrection; or
      e. Rebellion or revolution.
   12. From or as a consequence of the following, whether controlled or uncontrolled or however caused:
      a. Nuclear reaction;
      b. Radiation; or
      c. Radioactive contamination.

## Limit Of Liability

A. The Limit of Liability for all the First Party Benefits that apply is the most we will pay to or for each "insured" as the result of any one accident. This is the most we will pay regardless of the number of:
   1. Claims made;
   2. Vehicles or premiums shown in the Declarations;
   3. Vehicles involved in the accident; or
   4. Insurers providing First Party Benefits.

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

B. If combination First Party Benefits are afforded, we will apply the total limit of liability to provide any separate limits required by "the act" for all First Party Benefits. This provision will not change our total limit of liability.

C. Any amount payable under all First Party Benefits Coverage shall be excess over any amounts paid, payable or required to be provided to an "insured" under any workers' compensation law or similar law.

D. The amount we will pay to a person or institution providing treatment, accommodation, products or services to an "insured" for an injury covered by benefits for "medical expenses" shall not exceed the amount the person or institution customarily charges for like treatment, accommodations, products and services in cases involving no insurance.

## Priorities Of Policies

We will pay all First Party Benefits in accordance with the order of priorities set forth by "the act". We will not pay if there is another insurer at a higher level of priority. The First category listed below is the highest level of priority and the Fourth category listed below is the lowest level of priority. The priority order is:

| First: | The insurer providing benefits to the "insured" as a "named insured". |
|---|---|
| Second: | The insurer providing benefits to the "insured" as a "resident relative" who is not a "named insured" under another policy providing coverage under "the act". |
| Third: | The insurer of the "motor vehicle" which the "insured" is "occupying" at the time of the accident. |
| Fourth: | The insurer providing benefits on any "motor vehicle" involved in the accident if the "insured" is: |
| | a. a pedestrian; and |
| | b. not provided first party benefits under any other automobile policy. |
| | In this priority, an unoccupied parked "motor vehicle" is not a "motor vehicle" involved in an accident unless it was parked in a manner as to create an unreasonable risk of injury. |

If 2 or more policies have equal priority within the highest applicable priority level:

1. The insurer against which the claim is first made shall process and pay the claim, up to its limit of liability, as if wholly responsible subject to subsequent contribution pro rata from any other insurer for the benefits paid and the cost of processing the claim. If such contribution is sought among insurers under the Fourth priority, proration shall be based on the number of involved motor vehicles; and

2. The maximum recovery under all policies will not exceed the amount payable under the policy with the highest dollar limits of benefits.

## Non-Duplication Of Benefits

No one will be entitled to recover duplicate payments for the same elements of loss under this or any other similar automobile insurance including self-insurance.

## Payment Of Accidental Death Benefits

The "accidental death" benefit under this policy will be paid to the executor or administrator of the deceased "insured's" estate. If there is no executor or administrator, benefits shall be paid to:

1. The deceased "insured's" surviving spouse; or
2. If there is no surviving spouse, the deceased "insured's" children; or
3. If there is no surviving spouse or surviving children, to the deceased "insured's" estate.

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024
Page 32

# UNINSURED MOTORISTS COVERAGE AND
# UNDERINSURED MOTORISTS COVERAGE SECTION

**UNINSURED MOTORISTS COVERAGE**
    **Coverage D6 – Uninsured Motorists Bodily Injury Stacked**
    **Coverage D7 – Uninsured Motorists Bodily Injury Non-Stacked**

**UNDERINSURED MOTORISTS COVERAGE**
    **Coverage D8 – Underinsured Motorists Bodily Injury Stacked**
    **Coverage D9 – Underinsured Motorists Bodily Injury Non-Stacked**

**Insuring Agreement**

We will pay compensatory damages which an "insured" is legally entitled to recover from the owner or operator of either an "uninsured motor vehicle" or an "underinsured motor vehicle" where such coverage is indicated as applicable in the Declarations, because of "bodily injury":
1. Sustained by an "insured"; and
2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle" or the "underinsured motor vehicle".

We will pay under Underinsured Motorists Coverage only if 1. or 2. below applies:
1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle", subject to our consent to settle, and we:
    a. Have been given prompt written notice of such tentative settlement; and
    b. Either advance payment to the "insured" in an amount equal to the tentative settlement within a reasonable period of time after receipt of notification or we give written consent to the tentative settlement.

No judgment for damages arising out of a suit brought against the owner or operator of an "uninsured motor vehicle" or "underinsured motor vehicle" is binding on us unless we:
1. Received reasonable notice of the pendency of the suit resulting in the judgment; and
2. Had a reasonable opportunity to protect our interests in the suit.

A. "Insured" as used in this Coverage Section means:
1. You or any "resident relative".
2. Any other person "occupying" "your covered auto" if the occupancy is (or is reasonably believed to be) with your permission.
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

B. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages.

However, "underinsured motor vehicle" does not mean an "uninsured motor vehicle" and does not include any vehicle or equipment:
1. For which liability coverage is provided under Coverage A of this policy.
2. Operated on rails or crawler treads.
3. Designed mainly for use off public roads while not on public roads.
4. While located for use as a residence or premises.

C. "Uninsured motor vehicle" means a land motor vehicle or trailer of any type:
1. To which no bodily injury liability bond or policy applies at the time of the accident.
2. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits or which causes an accident resulting in "bodily injury" without hitting:
    a. You or any "resident relative";
    b. A vehicle which you or any "resident relative" are "occupying"; or
    c. "Your covered auto".
    If there is no contact with the hit-and-run vehicle, the facts of the accident must be proved.
3. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
    a. Denies coverage; or
    b. Is or becomes:
       (1) insolvent; or
       (2) involved in insolvency proceedings.

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

However, "uninsured motor vehicle" does not mean an "underinsured motor vehicle" and does not include any vehicle or equipment:

1. Owned by or furnished or available for the regular use of you or any "resident relative".
2. Owned or operated by a self-insurer within the meaning of any applicable motor vehicle law except a self-insurer which is or becomes insolvent.
3. Operated on rails or crawler treads.
4. Designed mainly for use off public roads while not on public roads.
5. While located for use as a residence or premises.

## Exclusions

A. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":
   1. If that "insured" or the legal representative settles the "bodily injury" claim without our written consent. However, this exclusion (A.1.) does not apply if such settlement does not adversely affect our rights.

B. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "bodily injury" sustained by you or any "resident relative" while "occupying" or when struck by any motor vehicle that you or any "resident relative" owns; or that is furnished or available for your or any "resident relative's" regular use, which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

C. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "bodily injury" sustained by any "insured":
   1. While "occupying" "your covered auto" when it is being used, or during the period of time it is available for hire, as a public or livery conveyance. This Exclusion (C.1.) applies whether or not there is:
      a. A passenger "occupying" the vehicle; or
      b. Property being transported for a fee in or upon the vehicle.
      
      This exclusion (C.1.) does not apply to a vehicle used for a:
      a. Share-the-expense car pool;
      b. Charitable purpose; or
      c. Volunteer purpose.
   2. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This exclusion (C.2.) does not apply to a "resident relative" using "your covered auto" which is owned by you.

3. While "occupying" "your covered auto" during a period it is rented or leased by you to others. However, this exclusion (C.3.) does not apply to you or a "resident relative"

D. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for "non-economic loss" sustained by any "insured" to whom the limited tort alternative applies, resulting from "bodily injury" caused by an accident involving an "uninsured motor vehicle" or an "underinsured motor vehicle" unless the "bodily injury" sustained is a "serious injury".
   
   This exclusion (D.) does not apply if that "insured" is injured while "occupying" a motor vehicle insured under a commercial motor vehicle insurance policy.

E. This coverage shall not apply directly or indirectly to benefit any insurer or self-insurer under any disability benefits law or similar law except a workers' compensation law.

F. We do not provide Uninsured Motorists Coverage or Underinsured Motorists Coverage for punitive or exemplary damages including legal costs related thereto.

## Limit Of Liability

### Coverage D6 – Uninsured Motorists Bodily Injury Stacked

A. Except as provided in paragraph C:
   If separate limits of liability for "bodily injury" for each person and each accident are shown in the Declarations for Coverage D6:
   1. The limit of liability for each person for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" sustained by any one person in any one auto accident.
   2. Subject to the above limit for each person, the limit of liability shown for each accident for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

B. Except as provided in paragraph C:
   If a single limit of liability for "bodily injury" liability is shown in the Declarations for Coverage D6, this is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

C. With respect to damages caused by the owner or operator of an "uninsured motor vehicle", the applicable limit of liability under paragraph A. or B. above is the most we will pay regardless of the number of:
   1. "Insureds";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations for Coverage D6; or

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

4. Vehicles involved in the accident.

However, our maximum limit of liability for all damages arising out of "bodily injury" sustained by you or any "resident relative" is the sum of the applicable limits for all vehicles shown in the Declarations for Coverage D6. For any "insured" other than you or any "resident relative", our maximum limit of liability is the limit applicable to the vehicle the "insured" was "occupying" at the time of the accident. This is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations for Coverage D6; or
4. Vehicles involved in the accident.

D. No one will be entitled to receive duplicate payments for the same elements of loss under Coverage D6 and:

1. Coverage A or Coverage D8 or Coverage D9 of this policy; or
2. Any other personal auto policy issued to you by us or any of our affiliates.

E. We will not make a duplicate payment under Coverage D6 for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

F. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

G. The limit of liability under Coverage D6 is reduced by any amount paid to the same "insured" for the same accident under Coverage A.

## Coverage D7 – Uninsured Motorists Bodily Injury Non-Stacked

A. Except as provided in paragraph C:
If separate limits of liability for "bodily injury" for each person and each accident are shown in the Declarations for Coverage D7:

1. The limit of liability for each person for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" sustained by any one person in any one auto accident.
2. Subject to the above limit for each person, the limit of liability shown for each accident for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

B. Except as provided in paragraph C:
If a single limit of liability for "bodily injury" liability is shown in the Declarations for Coverage D7, this is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

C. With respect to damages caused by the owner or operator of an "uninsured motor vehicle" the applicable limit of liability under paragraph A. or B. above is the most we will pay regardless of the number of:

1. "Insureds";
2. Claims made;
3. Vehicles or premiums shown in the Declarations for Coverage D7; or
4. Vehicles involved in the accident.

D. No one will be entitled to receive duplicate payments for the same elements of loss under Coverage D7 and:

1. Coverage A or Coverage D8 or Coverage D9 of this policy; or
2. Any other personal auto policy issued to you by us or any of our affiliates.

E. We will not make a duplicate payment under Coverage D7 for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

F. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

G. The limit of liability under Coverage D7 is reduced by any amount paid to the same "insured" for the same accident under Coverage A.

## Coverage D8 – Underinsured Motorists Bodily Injury Stacked

A. Except as provided in paragraph C:
If separate limits of liability for "bodily injury" for each person and each accident are shown in the Declarations for Coverage D8:

1. The limit of liability for each person for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" sustained by any one person in any one auto accident.
2. Subject to the above limit for each person, the limit of liability shown for each accident for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

B. Except as provided in paragraph C:
   If a single limit of liability for "bodily injury" liability is shown in the Declarations for Coverage D8, this is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

C. With respect to damages caused by the owner or operator of an "underinsured motor vehicle", the applicable limit of liability under paragraph A. or B. above is the most we will pay regardless of the number of:
   1. "Insureds";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations for Coverage D8; or
   4. Vehicles involved in the accident.

   However, our maximum limit of liability for all damages arising out of "bodily injury" sustained by you or any "resident relative" is the sum of the applicable limits for all vehicles shown in the Declarations for Coverage D8. For any "insured" other than you or any "resident relative", our maximum limit of liability is the limit applicable to the vehicle the "insured" was "occupying" at the time of the accident. This is the most we will pay regardless of the number of:
   1. "Insureds";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations for Coverage D8; or
   4. Vehicles involved in the accident.

D. No one will be entitled to receive duplicate payments for the same elements of loss under Coverage D8 and:
   1. Coverage A or Coverage D6 or Coverage D7 of this policy; or
   2. Any other personal auto policy issued to you by us or any of our affiliates.

E. We will not make a duplicate payment under Coverage D8 for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

F. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

G. The limit of liability under Coverage D8 is reduced by any amount paid to the same "insured" for the same accident under Coverage A.

## Coverage D9 – Underinsured Motorists Bodily Injury Non-Stacked

A. Except as provided in paragraph C:

If separate limits of liability for "bodily injury" for each person and each accident are shown in the Declarations for Coverage D9:
   1. The limit of liability for each person for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" sustained by any one person in any one auto accident.
   2. Subject to the above limit for each person, the limit of liability shown for each accident for "bodily injury" liability is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

B. Except as provided in paragraph C:
   If a single limit of liability for "bodily injury" liability is shown in the Declarations for Coverage D9, this is our maximum limit of liability for all damages for "bodily injury" resulting from any one auto accident.

C. With respect to damages caused by the owner or operator of an "underinsured motor vehicle" the applicable limit of liability under paragraph A. or B. above is the most we will pay regardless of the number of:
   1. "Insureds";
   2. Claims made;
   3. Vehicles or premiums shown in the Declarations for Coverage D9; or
   4. Vehicles involved in the accident.

D. No one will be entitled to receive duplicate payments for the same elements of loss under Coverage D9 and:
   1. Coverage A or Coverage D6 or Coverage D7 of this policy; or
   2. Any other personal auto policy issued to you by us or any of our affiliates.

E. We will not make a duplicate payment under Coverage D9 for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible. This includes all payments made to an "insured's" attorney either directly or as part of the payment made to the "insured".

F. We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any disability benefits or similar law, except a workers' compensation law.

G. The limit of liability under Coverage D9 is reduced by any amount paid to the same "insured" for the same accident under Coverage A.

## Other Insurance

If there is other applicable similar insurance available under more than one policy or provision of coverage, the following priorities of recovery apply:

First    The Uninsured Motorists Coverage or Underinsured Motorists Coverage

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

applicable to the vehicle the "insured" was "occupying" at the time of the accident.

Second    The policy affording Uninsured Motorists Coverage or Underinsured Motorists Coverage to the "insured" as a "named insured" or "resident relative".

1.   Under Coverage D7 or D9, when there is applicable insurance available under the  First priority:
     a.   The limit of liability applicable to the vehicle the "insured" was "occupying" under the policy in the First priority, shall first be exhausted; and
     b.   The maximum recovery under all policies in the Second priority may equal but not exceed the highest applicable limit of liability for any one vehicle under any one policy providing coverage to you or any "resident relative"

2.   Under Coverage D7 or D9, when there is no applicable insurance available under the First priority, the maximum recovery under  all policies in the Second priority shall not exceed the highest applicable limit for any one vehicle under any one policy

If two or more policies have equal priority, the insurer against whom the claim is first made  shall process and pay the claim as if wholly responsible for all insurers with equal priority. The insurer is thereafter entitled to recover contribution pro rata from any other insurer for the benefits paid and the costs of processing the claim.

## Arbitration

A.   If we and an "insured" do not agree:
     1.   Whether the owner or operator of the "uninsured motor vehicle" or "underinsured motor vehicle" is legally liable to that "insured" for "bodily injury" sustained and caused by an accident; or
     2.   The amount of the damages sustained by  the "insured";
     Either party may make a written demand for arbitration.
     Issues or questions seeking to interpret language of this policy or to determine whether or how coverage applies to an "insured" may not be arbitrated. Those issues and questions may not be part of any submission to the panel of arbitrators. This includes, but is not limited to, any issue or questions on:
     1.   Any person's status as an "insured";
     2.   The stacking of coverages or the amount of coverage available;
     3.   The sufficiency of the coverage election made for this policy or any other coverage election made, or claimed to have been made, by any person;
     4.   The residency or domicile of any person, including any person claiming to be an "insured";
     5.   The applicability of a statute of limitations;
     6.   Our rights and duties;
     7.   Any "insured's" rights and duties under this policy;
     8.   The interpretation of defined terms, the insuring agreement, exclusions, the limits of liability, this arbitration clause, or any other of the policy's terms and conditions; or
     9.   The degree to which either party is bound by a decision made by an arbitration panel which a party claims is outside the scope of the arbitration.

B.   In the event that a valid written demand for arbitration is made, each party will select an arbitrator who, at the time of the accident, maintained their principle place of business in the county in which the arbitration is to be conducted.However, a party may select an arbitrator from outside that county if the other party consents to such a selection. The two arbitrators will select a third arbitrator who, at the time of the accident, maintained their principal place of business in the county in which the arbitration is to be conducted. However, the two arbitrators may select an arbitrator from outside that county if the two arbitrators both consent to such a selection. If the two arbitrators cannot agree on the third arbitrator within thirty (30) days, of the valid written demand for arbitration, either party may request a court in the county where the arbitration is to be conducted to make the selection, and such arbitrator must have maintained their principal place of business in the county where the arbitration is to be conducted, unless the two arbitrators selected by the parties agree otherwise.

C.   Each party will:
     1.   Pay the expenses it incurs; and
     2.   Bear equally the reasonable expenses of the third arbitrator.

D.   Unless agreed otherwise, arbitration will be conducted in the county in which the "insured" lived at the time of the accident. A decision of the arbitrators will be binding as to:
     1.   Whether the owner or operator of the "uninsured motor vehicle" or "underinsured motor vehicle" is legally liable to that "insured" for "bodily injury" sustained and caused by an accident; or
     2.   The amount of the damages sustained by the "insured".

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

A decision shall not be binding with respect to any issue not properly the subject of arbitration.

Either party may stay arbitration pending final resolution of whether an issue is properly subject to arbitration. The execution of any judgment or award may also be stayed until final resolution is reached on whether an issue was properly the subject of arbitration.

© 2017 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

# DAMAGE TO YOUR AUTO COVERAGE SECTION
## Coverage E – Collision
## Coverage F – Comprehensive
## Coverage G – Custom Equipment - Increased Limit

**INSURING AGREEMENT**
**Coverage E – Collision**
**Coverage F – Comprehensive**

A. We will pay for direct and accidental loss to "your covered auto" or any "non-owned auto", including their equipment, minus any applicable deductible shown in the Declarations. We will pay for loss caused by:
1. "Collision" only if the Declarations indicates that Coverage E – Collision is provided for that auto. Under this coverage, we will not pay for losses that are covered under Coverage F – Comprehensive.
2. "Comprehensive" only if the Declarations indicates that Coverage F – Comprehensive is provided for that auto.

If losses to more than one "your covered auto" result from the same "collision", only one deductible amount will apply. If the deductible amount differs for each auto involved in the accident, then only the highest deductible will apply.

We will not subtract any deductible for the amount we will pay for a loss to:
1. Any "non-owned auto" caused by "collision" or "comprehensive".
2. "Your covered auto" caused by "collision" with a vehicle not owned by you or a "resident relative" but insured by us or any of our affiliated companies under a personal auto policy.

If there is a loss to a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

B. As used in this Coverage Section:
1. "Collision" means the upset of "your covered auto" or a "non-owned auto" or their impact with another vehicle or object.
2. "Comprehensive" means loss to "your covered auto" or a "non-owned auto" not caused by "collision". Losses caused by the following are not "collision" losses but are "comprehensive" losses:
   a. Missiles or falling objects;
   b. Fire;
   c. Theft or larceny;
   d. Explosion or earthquake;
   e. Windstorm;
   f. Hail, water or flood;
   g. Malicious mischief or vandalism;
   h. Riot or civil commotion;
   i. Contact with bird or animal; or
   j. Breakage of glass.
   If breakage of glass is caused by a "collision", you may elect to have it considered a loss caused by "collision".
3. "Custom equipment" means any permanently attached or installed:
   a. Furnishings, mechanical or electrical parts, equipment, devices, accessories, murals, graphics, non-standard paint, enhancements or changes that alter the appearance or performance of any private passenger auto, sport utility vehicle, pickup or van; or
   b. Electronic equipment used in any private passenger auto, sport utility vehicle, pickup or van that reproduces, receives or transmits audio, visual or data signals.
   "Custom equipment" does not include:
   a. Vehicle options offered by the original manufacturer specifically for that vehicle model and model year, whether that option is installed with original or non-original parts of like kind and quality;
   b. Equipment installed to make a vehicle handicap accessible; or
   c. A cap, cover or bedliner in or upon a pickup.
4. "Fungi" means any type or form of fungus, including mold or mildew, and any of the following that are produced or released by "fungi":
   a. Mycotoxins;
   b. Spores;
   c. Scents; or
   d. By-products.
5. "Non-owned auto" means:
   a. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" not owned by or furnished or available for the regular use of you or any "resident relative" while in the custody of or being operated by you or any "resident relative"; or
   b. Any private passenger auto, sport utility vehicle, pickup, van or "trailer" you do not own while used as a temporary substitute for "your covered auto" which is out of normal use because of its:
      (1) Breakdown;
      (2) Repair;

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

(3) Servicing;
(4) Loss;
(5) Destruction; or
(6) Being inspected or transported by a motor vehicle dealer as defined in the Pennsylvania Board of Vehicles Act.

## ADDITIONAL COVERAGES

Provided there is Coverage E – Collision or Coverage F – Comprehensive, as shown in the Declarations for "your covered auto" the following coverages apply.

### A. Airbag Replacement

Under Coverage F – Comprehensive we will pay to replace or reset an airbag that inflates due to malfunction in "your covered auto". This additional coverage does not apply to a "non-owned auto".

We will only make payment under this additional coverage to the extent the malfunction is not covered by warranty, other service agreement, or any other product recall.

Exclusion 2. of this Coverage Section does not apply to this additional coverage.

No deductible applies to this additional coverage.

### B. Child Safety Seat

In the event of a Coverage E – Collision or Coverage F – Comprehensive covered loss where we determine that a child safety seat's integrity is compromised, we will pay up to $500 to replace with like kind and quality the child safety seat, provided it was in "your covered auto" or a "non-owned auto" at the time of the covered loss.

If a covered loss occurs when the child safety seat is in a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

No deductible applies to this additional coverage.

### C. Custom Equipment

We will pay up to $1,500 for "custom equipment" and any related labor and installation costs as part of a Coverage E – Collision or Coverage F – Comprehensive covered loss. Regardless of the amount of "custom equipment" installed on "your covered auto" or a "non-owned auto", this limit is

the most we will pay for all damage and any related labor and installation costs for any one covered loss.

If there is a covered loss to "custom equipment" on a "non-owned auto", we will provide the broadest coverage applicable to any "your covered auto" shown in the Declarations.

Exclusion 4. does not apply to the extent coverage is provided under this additional coverage.

This additional coverage is subject to your deductibles.

### D. Transportation Expenses

Under Coverage F – Comprehensive we will pay for:
1. Reasonable transportation expenses incurred by you in the event of the total theft of "your covered auto"; or
2. Loss of use expenses for which you become legally responsible in the event of the total theft of a "non-owned auto".

We will pay up to $30 per day, to a maximum of $900. These limits are the most we will pay for transportation expenses and loss of use expenses.

We will pay only those expenses incurred during the period:
1. Beginning 48 hours after the theft; and
2. Ending when "your covered auto" or the "non-owned auto" is returned to use, or we offer to pay for its loss.

No deductible applies to this additional coverage.

## OPTIONAL COVERAGE

### Coverage G – Custom Equipment - Increased Limit

If Coverage G – Custom Equipment - Increased Limit is shown in the Declarations for a specific "your covered auto", ADDITIONAL COVERAGE – Custom Equipment is amended for that "your covered auto" as follows:
The limit shown in the Declarations replaces the $1,500 limit for "custom equipment".

All other provisions and limitations applicable to ADDITIONAL COVERAGE – Custom Equipment apply.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## EXCLUSIONS

The following exclusions apply to this DAMAGE TO YOUR AUTO COVERAGE SECTION. We will not pay for:

1. Loss to "your covered auto" or any "non-owned auto" which occurs while it is being used, or during the period of time it is available for hire, as a public or livery conveyance. This Exclusion (1.) applies whether or not there is:
   a. A passenger "occupying" the vehicle; or
   b. Property being transported for a fee in or upon the vehicle.
   This Exclusion (1.) does not apply to a vehicle used for a:
   a. Share-the-expense car pool;
   b. Charitable purpose; or
   c. Volunteer purpose.
2. Damage due and confined to:
   a. Wear and tear;
   b. Freezing;
   c. Mechanical or electrical breakdown or failure; or
   d. Road damage to tires.
   This Exclusion (2.) does not apply if the damage results from the total theft of "your covered auto" or any "non-owned auto".
3. Loss due to or as a consequence of:
   a. Radioactive contamination;
   b. Discharge of any nuclear weapon (even if accidental);
   c. War (declared or undeclared);
   d. Civil war;
   e. Insurrection; or
   f. Rebellion or revolution.
4. Loss to "custom equipment".
5. Loss to any electronic equipment that reproduces, receives, or transmits audio, visual or data signals. This includes:
   a. Radios and stereos;
   b. Tape decks;
   c. Compact disk systems;
   d. Navigation systems;
   e. Internet access systems;
   f. Personal computers;
   g. Video entertainment systems;
   h. Telephones;
   i. Televisions;
   j. Two-way mobile radios;
   k. Scanners; or
   l. Citizens band radios.
   This Exclusion (5.) does not apply to electronic equipment that is permanently installed in "your covered auto" or any "non-owned auto".
6. Loss to tapes, discs, chips, memory cards or any other removable media used to store audio, visual or other data. We also will not pay for loss of or reconstruction of data contained in such devices.
7. Loss to equipment used for the detection or location of, or interference with, speed measuring devices.
8. Loss due to actual or perceived loss in market value or resale value.
9. Loss to "your covered auto" or any "non-owned auto" due to confiscation by governmental or civil authorities. This Exclusion (9.) does not apply to the interests of any loss payee shown in the Declarations for that "your covered auto".
10. Loss to "your covered auto" or any "non-owned auto" which occurs while participating or competing in, or practicing or preparing for any prearranged or organized:
    a. Racing contest, meet or rally, whether against another vehicle or against time;
    b. Demolition contest;
    c. Stunting activity; or
    d. High performance driving or racing instruction course or school.
    This Exclusion (10.) applies only while the vehicle is at a location, whether temporary or permanent, established for any of the above purposes.
11. Loss to any "non-owned auto" when used by you or any "resident relative" without a reasonable belief that you or that "resident relative" are entitled to do so.
12. Loss to any "non-owned auto" while being maintained or used by any person while employed or otherwise engaged in the "business" of:
    a. Selling;
    b. Repairing;
    c. Servicing;
    d. Storing; or
    e. Parking;
    vehicles designed for use on public highways. This includes road testing and delivery.
13. Loss to any "non-owned auto" being maintained or used by any person while employed or otherwise engaged in a "business" not described in Exclusion 12. This Exclusion (13.) does not apply to the maintenance or use by you or any "resident relative" of a "non-owned auto" which is a private passenger auto, sport utility vehicle or "trailer".
14. Loss to:
    a. A "trailer", camper body or motor home which is not shown in the Declarations; or
    b. Facilities or equipment used with any "trailer", camper body or motor home. Facilities or equipment include but are not limited to:
       (1) Cooking, dining, plumbing or refrigeration facilities;
       (2) Awnings or cabanas; or
       (3) Any other facilities or equipment used with a "trailer", camper body or motor home.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

This Exclusion (14.) does not apply to:
a. A "trailer", and its facilities or equipment, that you do not own; or
b. A "trailer", camper body, or the facilities or equipment in or attached to the "trailer" or camper body, that you:
   (1) Acquire during the policy period; and
   (2) Ask us to insure within 30 days after you become the owner.
15. Loss to "your covered auto" during a period it is rented or leased by you to others. However, this Exclusion (15.) does not apply to the operation of "your covered auto" by you or a "resident relative".
16. Loss to, or loss of use of, a "non-owned auto" rented to:
a. You; or
b. Any "resident relative";
if a rental vehicle company is precluded from recovering such loss or loss of use, from you or that "resident relative", pursuant to the provisions of any applicable rental agreement or state law.
17. Loss to "your covered auto" or any "non-owned auto" arising out of the actual, alleged or threatened presence, growth or proliferation or spread of "fungi", or for any testing or remediation of "fungi". This Exclusion (17.) does not apply if the "fungi" are the direct result of a loss payable under either Coverage E – Collision or Coverage F – Comprehensive, and such coverage is provided under this policy.
18. The cost to re-code or replace locks in the event a key or electronic control pad associated with such locks is lost or stolen.

## LIMIT OF LIABILITY

A. Our limit of liability for loss will be the lesser of the:
1. Actual cash value of the stolen or damaged property at the time of loss. An adjustment for depreciation and physical condition will be made in determining actual cash value; or
2. Amount necessary to repair or replace stolen or damaged parts or equipment of the functionally equivalent design and material necessary to restore the vehicle to its pre-loss physical condition at the time of loss. If we pay to replace a part or parts, we have the option to pay for new, used, reconditioned or remanufactured:
   a. Original equipment manufacturer replacement parts or equipment; or
   b. Non-original equipment manufacturer replacement parts or equipment.
However, the most we will pay for loss to any "non-owned auto" which is a "trailer", including its facilities and equipment, is $2,000.

B. If a repair or replacement results in better than like kind and quality, we will not pay for the amount of the betterment.
C. No one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Section and:
1. Any other Coverage Section or part of this policy; or
2. Any other personal auto policy issued to you by us or any of our affiliates.

## PAYMENT OF LOSS

We may pay for loss in money or repair or replace the damaged or stolen property. We may, at our expense, return any stolen property to:
1. You; or
2. The address shown in this policy.
If we return stolen property we will pay for any damage resulting from the theft. We may keep all or part of the property at an agreed or appraised value.
If we pay for loss in money, our payment will include the applicable sales tax for the damaged or stolen property.

Subject to the Loss Payable Clause, we may, at our option, make payment to one or more of the following:
1. You;
2. The owner; or
3. On your behalf, the repairer.

## NO BENEFIT TO BAILEE

This insurance will not directly or indirectly benefit any carrier or other bailee for hire.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss to "your covered auto", we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits.

However, any insurance we provide with respect to a "non-owned auto" will be excess over any other collectible sources of recovery including, but not limited to:
1. Any coverage provided by the owner of the "non-owned auto";
2. Any other applicable physical damage insurance;
3. Any other source of recovery applicable to the loss.
However, any insurance we provide for a "non-owned auto" while used as a temporary substitute for "your covered auto" that is provided by a motor vehicle dealer, as defined in the Pennsylvania Board of Vehicles Act, shall be primary.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

## APPRAISAL

A.  If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser within 20 days after receiving the written request from the other. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the actual cash value and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
1.  Pay its chosen appraiser; and
2.  Bear the expenses of the appraisal and umpire equally.
B.  We do not waive any of our rights under this policy by agreeing to an appraisal.

## LOSS PAYABLE CLAUSE

Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations. This insurance with respect to the interest of the loss payee, shall not become invalid because of your fraudulent acts or omissions unless the loss results from your conversion, secretion or embezzlement of "your covered auto". However, we reserve the right to cancel the policy as permitted by policy terms and the cancellation will terminate this agreement as to the loss payee's interest. We will mail the loss payee written notice at least 10 days before the effective date of cancellation.

When we pay the loss payee we will, to the extent of payment, be subrogated to the loss payee's rights of recovery.

© 2016 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

# SIGNATURE PAGE

Case ID:251103024

This policy is signed for the member company of Travelers which is the insurer under this policy.

*Wendy C. Skjerven*

Wendy C. Skjerven
Corporate Secretary

*Michael Klein*

Michael Klein
President
Personal Insurance

Case ID:251103024

© 2012 The Travelers Indemnity Company. All rights reserved.

Case ID: 251103024

# EXTENDED TRANSPORTATION EXPENSES

**All provisions of the policy apply unless modified by this endorsement.**

When there is a loss to a "your covered auto" described in the Declarations for which a specific premium charge indicates that Extended Transportation Expenses is afforded, or to a "non-owned auto", we will pay, without application of a deductible, up to the amount per day to a maximum amount as shown in the Declarations for:
1. Reasonable transportation expenses incurred by you in the event of a loss to that "your covered auto"; or
2. Loss of use expenses for which you become legally responsible in the event of loss to a "non-owned auto".

This coverage applies only if the loss to "your covered auto" or a "non-owned auto" is covered under Coverage E – Collision or Coverage F – Comprehensive of this policy. However, this coverage does not apply when there is a total theft of "your covered auto" or a "non-owned auto". Such coverage is provided under Coverage F – Comprehensive of this policy.

We will pay transportation expenses or loss of use expenses you become legally responsible for during a period that begins on the date:
1. The vehicle is not drivable as a result of the loss; or
2. The vehicle is left at a repair facility if the vehicle is drivable.

Our payment for transportation expenses and loss of use expenses will be limited to that period of time reasonably required to repair or replace the "your covered auto" or the "non-owned auto".

Our payment for loss of use expenses will be excess over any optional deductible waivers or insurance purchased as part of a rental agreement.

Extended Transportation Expenses does not apply when there is a total theft of "your covered auto" or a "non-owned auto". Such coverage is provided under Coverage F – Comprehensive within Additional Coverage D. Transportation Expenses. However, when Extended Transportation Expenses applies to any "your covered auto", Additional Coverage D. Transportation Expenses is replaced by the following:

**D. Transportation Expenses**

Under Coverage F – Comprehensive we will pay for:
1. Reasonable transportation expenses incurred by you in the event of the total theft of "your covered auto"; or
2. Loss of use expenses for which you become legally responsible in the event of the total theft of a "non-owned auto".

We will pay up to the greater of the following amounts:
1. $30 per day, to a maximum of $900; or
2. If applicable,
   a. For a "your covered auto", the amount per day to the maximum amount shown, if any, in the Declarations for Extended Transportation Expenses for that specific "your covered auto"; or
   b. For a "non-owned auto", the amount per day to a maximum amount shown, if any, in the Declarations for Extended Transportation Expenses for any one "your covered auto". If the Declarations indicate more than one vehicle has Extended Transportation Expenses, the highest Extended Transportation Expenses limit applicable to any one "your covered auto" will apply.

These limits are the most we will pay for transportation expenses and loss of use expenses.

We will pay only those expenses incurred during the period:
1. Beginning 48 hours after the theft; and
2. Ending when "your covered auto" or the "non-owned auto" is returned to use, or we offer to pay for its loss.

No deductible applies to this additional coverage.

© 2012 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.

Case ID: 251103024

# AMENDMENT OF POLICY PROVISIONS - PENNSYLVANIA

**This Endorsement Changes The Policy. Please Read It Carefully.**

**GENERAL PROVISIONS SECTION**

A. **DUTIES AFTER AN ACCIDENT OR LOSS**

The Duties After An Accident Or Loss provisions are amended as follows:

1. Paragraph B.3.a. is deleted.

2. The following is added to Paragraph B.:
   6. Submit to an independent medical examination when required by a court order issued in accordance with PA. CONS. STAT. § 1796.

B. **GENERAL CONDITIONS**

The **Termination** provisions are amended as follows:

1. Paragraph A.1.b. is replaced by the following:

   b. Giving us advance notice of the date cancellation is to take effect.

2. Paragraph A.2.a.(1) is replaced by the following:

   (1) If notice is mailed within the first 60 days this policy in effect and this is not a renewal or continuation policy.

All other provisions of this policy apply.

© 2021 The Travelers Indemnity Company. All rights reserved.
Includes copyrighted material of Insurance Services Office, Inc. with its permission.
Case ID: 251103024

Case ID: 251103024

# EXHIBIT B

Case ID: 251103024

# GENERAL RELEASE IN FULL SETTLEMENT OF ALL CLAIMS

## For the Sole Consideration of

Fifty Thousand Dollars ($50,000.00) the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Luis Colon and State Farm Mutual Automobile Insurance Company, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about December 28, 2022 at or near East Upsal Street and Thouron Avenue, Philadelphia, PA, and which was the subject of a lawsuit filed in the Court of Common Pleas of Philadelphia County at #2408-00066 and captioned Sheison Salazar and Stephanie Salazar, h/w vs. Luis Colon and John Doe #1-10.*

This settlement included any and all medical expenses arising from the alleged accident and any and all liens of any kind whatsoever, and Sheison Salazar expressly agrees that Sheison Salazar shall be responsible for paying them, and that Sheison Salazar will indemnify and hold harmless the instant releasees from any claims by any one of them.

Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

> ANY PERSON WHO KNOWINGLY AND WITH INTENT TO INJURE OR DEFRAUD ANY INSURER FILES AN APPLICATION OR CLAIM CONTAINING ANY FALSE, INCOMPLETE OR MISLEADING INFORMATION SHALL, UPON CONVICTION, BE SUBJECT TO IMPRISONMENT FOR UP TO SEVEN YEARS AND PAYMENT OF A FINE OF UP TO $15,000.

## In Witness Whereof,

I have hereunto set I hand(s) and seal(s) this 11 day of 4 (year) 2025

In presence of;

_Sara Salazar_
_____
witness

Signed X _Sheison Salazar_
Sheison Salazar
PO Box 781
Warrington, PA 18976

_____
witness

Signed X _____
Stephanie Salazar
864 Stirrup Lane
Warrington, PA 18976

*This release is not intended, nor should it be construed, to release any individuals and/or business entities and/or healthcare providers who or which rendered medical care to the undersigned after and as a result of the aforesaid motor vehicle accident of December 28, 2022, but forever releases the Releasees from any and all further or other claims relating to the subject accident. This release is not construed to benefit any of those post auto accident medical providers.

This release is not intended, nor should it be construed, to release any claims Releasors may have against their personal automobile, health, or disability insurers for First Party, UIM, or wage benefits as a result of the motor vehicle accident of December 28, 2022. It is the express intention of all parties that this release not to extend to Releasor's right to claim, litigate, arbitrate or collect UIM benefits or PIP medical benefits as a result of the motor vehicle accident of December 28, 2022, but it does forever release the Releasees from any and all further or other claims relating to the subject accident.

Case ID: 251103024

# EXHIBIT C

Case ID: 251103024

**TRAVELERS** J

TRAVELERS – MID–ATLANTIC CC
PO BOX 430
BUFFALO, NY 142400430

Case ID: 251103024

Steven J. Debonis
Cordisco – Saile LLC
3800 Horizon Blvd 210
Trevose, PA 19053



## TRAVELERS

Steven J. Debonis
Cordisco - Saile LLC
3800 Horizon Blvd 210
Trevose, PA 19053

June 23, 2025

Dear Steven J. Debonis,

This letter is in response to your request for consent to settle with the tortfeasor, Luis Colon and waiver of subrogation. As you are aware, we are denying underinsured motorist coverage in this matter.

Please be advised that The Travelers Home and Marine Insurance Company (Travelers) has no objection to Sheison Salazar's settlement with Luis Colon and the tortfeasor State Farm for the $50,000.00 policy limit and waives any potential right of subrogation.

This consent to settle does not waive any of the terms or conditions of the policy issued by The Automobile Insurance Company of Hartford, CT.

Sincerely,

Rob Garber

* For Florida Claims Only : Florida licensed adjusters are appointed as Company Employee Adjusters.

---

**CLAIM PROFESSIONAL**

### ROBERT GARBER
**rgarber@travelers.com**
Call or send a text to **(610) 371-3955**

Claim number: **I1U9681-003**



Date of loss: **December 28, 2022**



Loss location:
**1321 E UPSAL ST**
**PHILADELPHIA PA 19150**



| | |
|---|---|
| Claimant name: | **Sheison Salazar** |
| Insured name: | **SHEISON-AND-STEPH SALAZAR** |
| Underwriting Company: | **The Automobile Insurance Company of Hartford, CT** |

---

FreeForm 4/22